### 14151

ROSE v. BASKINS *ET AL.*

(182 S. E., 153)

*Mr. Wm. H. Smith,* for appellant, 

*Messrs. Silas M. Wetmore* and *Wm. R. Wetmore,* for respondent.

October 29, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was brought by the plaintiff, a citizen and tax-payer of the Town of Timmonsville, to restrain the town council from issuing and selling bonds of the municipality, in an amount not to exceed $25,000.00, for the purpose of constructing a town hall. The bonded indebtedness of the municipality at this time is $196,000.00, a part of which, $156,000.00, was incurred in the construction of water-works, sewerage, etc., and the remainder, $40,000.00, as the town's share, one-half thereof, of the cost of permanent improvements of streets and sidewalks; the abutting property owners paying the other half.

The plaintiff alleged that the bonded indebtedness of $40,000.00 incurred for paving, and now outstanding, is in excess of 8 per cent. of the assessed value for taxation of the property in the town, and that the sale by the municipality of additional bonds would further exceed the constitutional limitation; the appraised value of the property for taxation for the year 1934 being only $371,290.08.

Judge Shipp, to whom application was made, issued a rule requiring the defendants to show cause before him why the relief prayed for should not be granted. By their return and answer, they denied that the contemplated issuance of the bonds in the sum of $25,000.00, or so much thereof as might be needed for the building of a town hall, would be in excess of the 8 per cent. constitutional limitation (Section 7 of Article 8), for the reason that the outstanding bonds, in the sum of $40,000.00, theretofore issued for paving purposes, were exempted from the 8 per cent. limitation by con-

72

stitutional amendments—citing the last Section 16 and Section 17 of Article 10.

The matter was heard by Judge Shipp, who held adversely to the contention of the defendants and granted the injunction prayed for. From his order this appeal is taken.

We think, from an examination of the question, that the Circuit Judge was right in the conclusion reached by him. The amendments to the Constitution relied on by the appellants, pertaining to assessing owners of abutting property for permanent street improvements, do not exempt the municipality from the 8 per cent. limitation with respect to bonds issued by the town or city for the purpose of paying its part of the cost of such improvements. Until this is done, as held by Judge Shipp, it is clear that the right of a town to issue such bonds is subject to the constitutional inhibition.

The decree of the Circuit Court, which will be reported, is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.